IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-19-0069 |
| DAVID GUTMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

On March 15, 2019 Defendant David Gutman ("Defendant" or "Gutman") pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (ECF No. 29.) On October 15, 2019, this Court sentenced Gutman to a six-month term of imprisonment followed by three years of supervised release which included a six-month term of home confinement. (Judgment & Commitment Order ("J&C"), ECF No. 66.) Gutman reported to the Federal Correctional Institute Cumberland ("FCI Cumberland") on January 2, 2020, and accordingly has served four months of his six-month term. (*Id.*) Gutman is expected to be released to a halfway house on May 28, 2020. (Gov. Resp., ECF No. 80 at 1.)

Now pending is Gutman's Emergency Motion for Order Reducing Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 73.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Gutman's Emergency Motion (ECF No. 73) is GRANTED.[1] Gutman's sentence is reduced

---

[1] As an alternative form of relief, Defendant's Motion sought a modification of his sentence which would permit him to serve the remainder of his term in home confinement. This request is moot in light of the Court's decision to reduce his sentence to time served.

to time served and he shall be released from incarceration immediately and proceed with his three year period of supervised release which provides for six months of home detention.

## ANALYSIS

In 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-291, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c)(1)(A)(i), which permits the federal courts to modify an imposed sentenced based on "extraordinary and compelling reasons." Prior to the First Step Act, only the Director of the Bureau of Prisons could move for compassionate release on behalf of a defendant. As modified by the First Step Act, § 3582(c)(1)(A)(i) now permits a defendant to move for compassionate release after fully exhausting administrative remedies "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

### I. Exhaustion of Administrative Remedies.

Gutman has satisfied the exhaustion requirements of § 3582(c)(1)(A). On March 23, 2020, Gutman submitted an email to the Warden of FCI Cumberland which requested the Warden to "have compassionate release on me and release me early for home confinement." (ECF No. 75-7) (*SEALED*). On March 26, 2020, the Warden denied the request via email. *Id.* Interpreting the request as one solely for transfer to home confinement, the Warden explained that the Bureau of Prisons could not grant Gutman's request until he had served a

greater percentage of his sentence. *Id.* Gutman's clear and unambiguous request for "compassionate release" satisfies § 3582(c)(1)(A)'s requirement that a defendant petition the Warden before seeking redress from the district court. Over thirty days have elapsed since Gutman's correspondence. Accordingly, Gutman's Motion is properly before this Court.

## II. Extraordinary and Compelling Reasons.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). In a Policy Statement which pre-dates the First Step Act, the Commission determined that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). Finally, the Commission included a "catch-all" provision which reserved to the Bureau of Prisons the ability to identify other extraordinary and compelling reasons justifying release. *Id.* § 1B1.13 cmt. n.1(D).

The First Step Act is in tension with the Commission's Policy Statement. By diminishing the Bureau of Prison's authority over compassionate release petitions and expanding the Court's ability to consider them through the First Step Act, Congress has expressed an intent to permit the courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States*

*v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). In light of the changes wrought by the First Step Act, the Sentencing Commission and the Bureau of Prisons are no longer the exclusive arbiters of what constitutes "extraordinary and compelling reasons" for compassionate release. Accordingly, several courts have recently held that medical conditions which render a person uniquely vulnerable to COVID-19 may justify release under § 3582(c)(1)(A)(i). *See, e.g.*, *United States v. Rodriguez*, 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 10, 2020).

Gutman's underlying medical conditions, combined with his increasing risk of exposure to COVID-19, present extraordinary and compelling reasons for his release from confinement. COVID-19 has spread to FCI Cumberland, where Gutman is incarcerated.[2] Gutman is 56 years of age and suffers from multiple sclerosis and hypertension. (ECF No. 75-4) (*SEALED*). Gutman's multiple sclerosis condition renders him especially susceptible to COVID-19 because he must ingest an immunosuppressant, methylprednisolone, to treat the illness. (ECF No. 75-5) (*SEALED*). Gutman's hypertension also potentially puts him at risk. A recent report indicates that 50% of all adults hospitalized in the United State for COVID-19 suffered from hypertension.[3] Gutman's potential risk of infection at FCI Cumberland and his unique susceptibility to the COVID-19 are "extraordinary and compelling reasons" justifying his release from incarceration.

---

[2] Federal Bureau of Prisons, COVID-19 Coronavirus, available at https://www.bop.gov/coronavirus/.

[3] *See* Centers for Disease Control and Prevention, Hospitalization Rates and Characteristics of Patients Hospitalized with Laboratory-Confirmed Coronavirus Disease 2019, available at https://www.cdc.gov/mmwr/volumes/69/wr/mm6915e3.htm.

III.     **Section 3553(a) Factors.**

Before reducing Gutman's sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must consider (1) Gutman's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See Bryant*, 2020 WL 2085471 at *4.

These factors weigh in favor of release. Gutman is a 56 years of age with no prior criminal history or record of violence. Gutman pled guilty to an offense which involved buying merchandise stolen from Home Depot and selling it online. (Plea Agreement, ECF No. 23 at 10-13.) Though serious, this offense did not involve violence or weapons. Gutman has received an appropriate punishment for this crime; upon his release, he will already have served over four months of his six-month sentence. There is no indication that he poses a danger to the community upon his release. Finally, Gutman's release will not result in sentencing disparities among similarly situated defendants or his co-defendants. Gutman's co-Defendant, Marina Gelfen, is scheduled to be released on May 15, 2020. *United States v. Marina Gelfen*, RDB-19-0069, ECF No. 78. Dmitry Babich, the remaining co-Defendant, received a four-month sentence. *United States v. Dmitry Babich*, RDB-19-0069, ECF No. 62.

Accordingly, it is HEREBY ORDERED this 13th day of May, 2020, that Defendant David Gutman's Emergency Motion for Order Reducing Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 73) is GRANTED, subject to the following conditions:

1. Pursuant to 28 U.S.C. § 3582(c)(1)(A)(i), the Defendant David Gutman's term of incarceration is reduced to time served, such that he is released from the custody of the Bureau of Prisons as soon as the terms of this Order can be implemented;

2. An Amended Judgment & Commitment Order shall be prepared to reflect Defendant David Gutman's reduction in sentence;

3. The Warden of FCI Cumberland shall forthwith release from custody the person of the Defendant, David Gutman;

4. Defendant David Gutman shall be on supervised release status for a period of three years, including a six-month period of home confinement, as ordered in the Judgment & Commitment Order of October 15, 2019 (ECF No. 66);

5. While traveling from FCI Cumberland to his residence Defendant David Gutman will isolate himself to the best of his ability and shall quarantine himself for fourteen days at his residence and comply with any existing state and local stay-at-home orders; and

6. Pretrial/Probation will review the conditions of release with Defendant David Gutman.

                                                        \_\_\_/s/_____
                                                        Richard D. Bennett
                                                        United States District Judge